IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to<br><br>*Parker v. Chevron U.S.A., Inc., et al.*<br>Case No. 3:21-pq-1654-NJR | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Renewed Motion to Remand filed by Plaintiffs Walter Parker and Linda Parker ("the Parkers"). (Doc. 24). The Parkers ask the Court to remand their case to Palm Beach County, Florida. Defendants Syngenta Crop Protection, LLC ("Syngenta"), and United States Sugar Corporation ("U.S. Sugar") filed responses in opposition, and the Parkers filed a reply brief. (Docs. 28, 30, 32). For the reasons set forth below, the motion to remand is granted.

### BACKGROUND

The Parkers, citizens of Florida, filed a complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, against Syngenta, U.S. Sugar, and Chevron U.S.A. Inc. ("Chevron") in August 2021. (Doc. 1-1). Syngenta is a Delaware corporation with its principal place of business in North Carolina. (*Id.* at ¶ 3). Chevron is a Pennsylvania corporation with its principal place of business in California. (*Id.*). U.S. Sugar is a Delaware corporation with its principal place of business in Florida. (*Id.*).

The Parkers' complaint asserts that Defendants designed, manufactured,

supplied, sold, and/or distributed products containing the herbicide Paraquat, and that Walter Parker was diagnosed with Parkinson's disease in May 2018 after being exposed to Paraquat during his approximately 32 years of employment with U.S. Sugar. (*Id.* at ¶¶ 9-11). They further claim Mr. Parker was exposed to Paraquat at his residence after U.S. Sugar provided the herbicide for use at its employees' homes. (*Id.* at ¶ 14).

The complaint raises claims against all three Defendants for negligence, strict product liability, and loss of consortium under Florida state law. It also raises a count titled "Tort Exception to Workers' Compensation Immunity Against Employer U.S. Sugar." (*Id.* at ¶¶ 30-33). With this claim, the Parkers allege:

> U.S. Sugar engaged in conduct which was substantially certain to result in injury or death to Plaintiff Walter Parker by, *inter alia*:
>
> a. Sending employees into sugar fields without protective equipment while they were being sprayed with paraquat;
> b. Requiring employees to mix paraquat without protective adequate protection; and
> c. Making paraquat available to employees for home use.

(*Id.* at ¶¶ 32-33).

On September 22, 2021, Defendants Syngenta and Chevron removed the case from Palm Beach County to the U.S. District Court for the Southern District of Florida on the basis of diversity jurisdiction under 28 U.S.C. § 1331. (Doc. 1). The Parkers filed a motion to remand on October 1, 2021. (Doc. 15). Rather than rule on the motion, the Southern District of Florida administratively closed the case on October 7, 2021, after receiving notice that the case was a potential "tag-along" action to this MDL. (Doc. 16). The case was transferred to this Court for consolidated pretrial proceedings on December 10, 2021.

(Doc. 21). The Parkers renewed their motion to remand on December 24, 2021. (Doc. 24).

In opposing remand, Defendants acknowledge the Parkers are citizens of Florida and U.S. Sugar is a Florida corporation, but they assert U.S. Sugar has been either fraudulently joined or fraudulently misjoined as a defendant. Thus, its citizenship should be ignored for the purpose of evaluating federal diversity jurisdiction. Defendants also argue that the Parkers' claims arise under federal law, thereby providing an alternative basis for federal court jurisdiction.

## LEGAL STANDARD

A defendant may remove a civil action from state court when a district court has original jurisdiction over the action. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 n.2 (2019) (citing 28 U.S.C. § 1441(a)). District courts shall have original jurisdiction over all civil actions arising under federal law, as well as over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. §§ 1331, 1332(a)(1).

The party invoking federal jurisdiction has the burden of establishing it exists. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate a "reasonable probability" that subject-matter jurisdiction exists). If the district court lacks subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

**DISCUSSION**

**I.     Fraudulent Joinder**

When a diversity case is transferred by the multidistrict litigation panel, the substantive law applied is that of the transferor court. *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010). But when considering matters of federal law, such as fraudulent joinder, the MDL court applies the law of its own circuit. *In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (citing *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001)).

Under Seventh Circuit precedent, "[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.* (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). Fraudulent joinder is only established if a defendant overcomes its "heavy burden" of establishing that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). "Framed a different way, the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur*, 577 F.3d 752 at 764. "[T]his standard 'is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).'" *In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (quoting *Schur*, 577 F.3d at 764)). Thus, even if a state court might

ultimately dismiss the defendant for failure to state a claim, the joinder of that defendant is not necessarily "fraudulent" for purposes of federal court jurisdiction if the issue of state law is subject to reasonable argument on both sides. *Polson v. Cottrell, Inc.*, No. 04-CV-822-DRH, 2005 WL 1168365, at *1 (S.D. Ill. May 17, 2005).

    A.    <u>Intentional Tort Exception</u>

Defendants argue that the Parkers have no reasonable possibility of prevailing on their claim against U.S. Sugar because Florida's workers' compensation scheme provides the sole remedy for the injuries allegedly suffered by Mr. Parker arising from his workplace exposure. Defendants acknowledge that the Parkers have invoked Florida's tort exception to workers' compensation immunity, but claim they have asserted no facts supporting their allegations. Defendants argue that "merely citing" to the intentional tort exception is insufficient to establish a reasonable possibility that the Parkers could prevail against U.S. Sugar.

Under Florida Statute § 440.11, when an employee sustains a work-related injury, a Florida employer's only liability to the employee and his spouse is for workers' compensation. However, "[w]hen an employer commits an intentional tort against an employee, it may be subject to civil action under a narrow exception to workers' compensation immunity." *Bakerman v. The Bombay Co.*, 961 So. 2d 259, 262 (Fla. 2007). The intentional tort exception to workers' compensation immunity exists "[w]hen an employer commits an intentional tort that causes injury or death of the employee." *Morales v. Racetrac Petroleum, Inc.*, No. 617CV1115ORL37KRS, 2017 WL 6320299, at *2 (M.D. Fla. Dec. 11, 2017) (quoting Fla. Stat. § 440.11(1)(b)). An employer's actions are

deemed intentional when: (i) "[t]he employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee," (ii) "the employee was not aware of the risk because the danger was not apparent," and (iii) "the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work." FLA. STAT. § 440.11(1)(b)(2).

Here, among other things, the Parkers allege that each Defendant, including U.S. Sugar: knew or should have known that Paraquat was hazardous to the health of workers; had a duty to advise Paraquat users of the proper methods for handling and working around Paraquat; and knew or should have known that the potential hazards were not obvious or otherwise known to ordinary users such as Mr. Parker and should have warned him. They further allege that U.S. Sugar "engaged in conduct which was substantially certain to result in injury or death" to Mr. Parker, including by sending employees into sugar fields without protective equipment while the fields were sprayed with Paraquat; requiring employees to mix Paraquat without adequate protection; and making Paraquat available for employees to use at home. Based on these allegations, the Court finds that there is a "reasonable possibility" that the Parkers could prevail against U.S. Sugar.

Defendants make a number of arguments as to why the Parkers are unable to meet the rigorous requirements of the intentional tort exception based on the allegations in their complaint, but the Court finds them unconvincing—particularly considering that

the Court is evaluating the complaint on a motion to remand and not a motion to dismiss.

Defendants argue the Florida statute requires a plaintiff to show the employer engaged in conduct that was "virtually certain" to result in injury or death to a plaintiff, while the Parkers only allege Defendants engaged in conduct that was "substantially certain" to injury Mr. Parker. Because "virtually certain" is a more demanding standard to meet than "substantially certain," they contend, the Parkers cannot claim to have a reasonable possibility of success against U.S. Sugar under § 440.11. Defendants cite to *R.L. Haines Construction, LLC v. Santamaria*, in which the Florida Court of Appeals held that the plaintiff failed to establish—*at trial*—that it was virtually certain that the decedent would be injured or killed as a result of the defendant's actions. 161 So. 3d 528, 533 (Fla. 5th Dist. Ct. App. 2014). U.S. Sugar acknowledges that *Haines* was decided on post-trial appeal, but argues this Court should be a gatekeeper at the outset of litigation and reject the Parkers' attempt to assert the intentional tort exception when they have not alleged that U.S. Sugar had knowledge of the virtual certainty of injury or death from Paraquat due to prior similar accidents.

The "virtually certain" language, however, was not added to the Florida statute until 2003. Prior to the effective date of the amendment, the statute required only that the "employer either knew or should have known that its conduct was *substantially certain* to result in injury or death." *Cabrera v. T.J. Pavement Corp.*, 2 So. 3d 996, 999 (Fla. Ct. App. 2008) (emphasis added). The amendment to the statute does not apply retroactively. *Bakerman*, 961 So. 2d 259 at 262 n.3. Since Mr. Parker worked for U.S. Sugar from 1967 to 1978 and from 1980 to 2001, the alleged intentional tort would have occurred in that

timeframe and, thus, the heightened standard does not apply in this case. *See id.* Because the Parkers have alleged that U.S. Sugar engaged in specific conduct that was substantially certain to injure him, the Court finds this argument unavailing.

Defendants also argue that the Parkers do not allege—and thus could not prove—that U.S. Sugar *deliberately* concealed or misrepresented the danger of developing Parkinson's disease as a consequence of Paraquat exposure so as to prevent Mr. Parker from exercising informed judgment about whether to perform the work. True, § 440.11 provides that an employer's actions are deemed intentional when the employer engaged in conduct that it knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was substantially certain to result in injury or death to the employee. And the Parkers do not specify how U.S. Sugar knew about the hazard. But the Court is not examining the complaint for failure to state a claim. *See In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150, at *4; *Schur*, 577 F.3d at 764. Rather, the question is whether, after resolving all issues of fact and law in favor of the plaintiff, can the plaintiff establish a cause of action against the defendant. If the Parkers can prove their allegations that U.S. Sugar knew Paraquat was hazardous, it failed to warn Mr. Parker about that hazard, and it required Mr. Parker to be exposed to Paraquat without personal protective equipment in order to perform work for it, then there is a reasonable possibility that a jury could find U.S. Sugar deliberately concealed or misrepresented the dangers of Paraquat exposure.

B. Mr. Parker's Home Use

U.S. Sugar finally argues that the Parkers could not prevail against it on their claim

that U.S. Sugar provided Paraquat for home use. U.S. Sugar asserts that it neither manufactured nor sold Paraquat; thus, it cannot be liable under any theory of products liability. The Court need not dive into an analysis of the Parkers' chance of success against U.S. Sugar for his residential exposure, however, as it has already found that they have a reasonable possibility of success in demonstrating the intentional tort exception applies to Mr. Parker's workplace exposure. In other words, even if a court were to ultimately dismiss Mr. Parker's claim against U.S. Sugar regarding his home use, its joinder in this case remains valid.

Finally, in a footnote, Syngenta and Chevron state that "conduct outside the scope of Mr. Parker's employment [*i.e.*, his home use] is clearly not the gravamen of this action" and, thus, should not be considered when assessing fraudulent joinder. (Doc. 28 at p. 8). For that proposition, Defendants cite to a non-binding case from the Eastern District of Pennsylvania, where the court noted that the fraudulent joinder inquiry turns on the nature of the plaintiff's specific allegations. *Whitham v. Walmart Stores E., LP*, No. CV 21-3287, 2021 WL 4745069, at *4 (E.D. Pa. Oct. 12, 2021). In that slip-and-fall case, the "gravamen" of the plaintiff's complaint was nonfeasance rather than malfeasance: the plaintiff claimed the defendant employee failed to eliminate the condition that caused her to fall rather than actively participate in bringing it about that condition. *Id.* Yet, her complaint was based on a legal theory that only applied to misfeasance. *Id.* Thus, the court found there was no reasonable basis or colorable ground to support the plaintiff's claims against the defendant employee under her complaint as pleaded. *Id.* Here, however, the "gravamen" of the Parkers' complaint is negligence as it relates to U.S.

Sugar's supply of Paraquat to Mr. Parker both for his employment and his home use. There is nothing contradictory about those allegations.

For these reasons, the Court cannot say, based on the allegations in the complaint, that the Parkers have no possibility of recovery against U.S. Sugar. Thus, the Court finds that U.S. Sugar was not fraudulently joined.

## II.     Fraudulent Misjoinder

Chevron and Syngenta also argue the Parkers' claims against U.S. Sugar should be disregarded because they did not properly name U.S. Sugar as a defendant under the ordinary rules of joinder. Under Rule 20(a)(2), a plaintiff may join additional defendants only if (i) he seeks relief "against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (ii) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). When a plaintiff joins defendants in a single suit and alleges claims not even remotely arising from the same transaction or occurrence, some courts have found such joinder to be "so egregious as to constitute fraudulent joinder." *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 850 (S.D. Ill. 2006) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996)).

Chevron and Syngenta argue the Parkers have not alleged that all three Defendants participated in the same transaction under Rule 20(a)(2). While they claim Syngenta and Chevron failed to properly design "their Paraquat-Containing Products" and to provide adequate warnings for those products, which they "manufactured, sold or distributed," they allege U.S. Sugar purchased Paraquat products from third-party

retailers and used them in its farming operations. Defendants argue it is insufficient to allege that Mr. Parker's injury flows from a product that Syngenta manufactured, Chevron distributed, and U.S. Sugar used. Because U.S. Sugar has been fraudulently misjoined, it should be disregarded when evaluating this Court's diversity jurisdiction.

As this Court previously discussed in its Order of August 30, 2022 (Doc. 2289), addressing remand motions filed in several other member cases, district courts in the Seventh Circuit consistently reject the theory of fraudulent misjoinder. *See, e.g.*, *Feeley v. Bayer Corp.*, No. 18-CV-2090-NJR-GCS, 2019 WL 4261545, at *4 (S.D. Ill. Sept. 9, 2019) (collecting cases); *Rutherford*, 428 F. Supp. 2d at 851 ("In the Court's view, whether viable state-law claims have been misjoined—even 'egregiously' misjoined—is a matter to be resolved by a state court. Nothing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims is a question that implicates the subject matter jurisdiction of a federal court."). Until instructed otherwise by the U.S. Supreme Court or the Seventh Circuit, this Court again declines to recognize the doctrine of fraudulent misjoinder.

## III.   Federal Question Jurisdiction

Finally, Defendants argue that, even if U.S. Sugar was not fraudulently joined or fraudulently misjoined, the Parkers' claims arise under federal law and, thus, this Court has jurisdiction under 28 U.S.C. 1331. Although the Parkers have pleaded only negligence and strict product liability under Florida state law, Defendants contend these claims invoke Defendants' legal duties under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), a federal statute that is enforced by the Environmental

Protection Agency (EPA). Thus, they argue, the Parkers' claims raise substantial questions of federal law, which suffices to confer federal question jurisdiction on this Court.

In its August 30, 2022 Order addressing remand motions filed in several other member cases, this Court rejected substantially similar arguments made by Syngenta and determined that the state law claims raised by the plaintiffs did not arise under federal law. (Doc. 2289). The Court adopts the reasoning provided in that Order in finding that the Parkers' claims do not arise under federal law.

## Conclusion

For these reasons, the Renewed Motion to Remand filed by Plaintiffs Walter Parker and Linda Parker (Doc. 24) is **GRANTED**. This action is **REMANDED** to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.

**IT IS SO ORDERED.**

DATED:   November 8, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**